815 F.2d 705
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles SEYMOUR, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-5252.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1987.
 
 Before KRUPANSKY, NELSON and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Claimant Seymour appeals the district court's order granting summary judgment affirming the Secretary's denial of disability insurance benefits. The ALJ determined that Seymour did not have an impairment of sufficient severity to significantly limit his ability to perform basic work-related activities. Therefore, the ALJ concluded that Seymour was not disabled within the meaning of the Social Security Act. Upon review, the district court determined that substantial evidence supports the Secretary's denial of benefits in this case. We agree.
 
 
 2
 In addition to his contention that the Secretary's decision is not supported by substantial evidence, Seymour claims that the district court erred in failing to address his alcoholism as a claim distinct from his general claims of disability. However, because Seymour did not list alcoholism as a disabling impairment in his application for benefits, we cannot fault the ALJ for his lack of clairvoyance. Therefore, we reject Seymour's alcoholism claim as not properly before us.
 
 
 3
 At the time of his hearing before the ALJ, Seymour was 39 years old. He is functionally illiterate, having a sixth-grade education. Although Seymour does not work now, his past employment includes coal mining, truck driving, and mechanic work. He applied for Supplemental Security Income (SSI) and Title II disability insurance benefits claiming to be disabled because of diabetes mellitus, chronic diarrhea, "chronic breathing" and poor eyesight. The applications were denied initially and upon review.
 
 
 4
 The regulations governing SSI and Title II disability insurance benefits define disability as the inability to engage in any substantial gainful employment because of a determinable physical or mental impairment. 42 U.S.C. Secs. 423(d), 1382 c(3)(a). In evaluating a claim of disability the Secretary is directed to engage in a 5-step sequential analytical process. 20 C.F.R. Secs. 404.1520, 416.920. In Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir.1985), this Court accurately summarized this process:
 
 
 5
 "An initial determination is made as to whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is found 'not disabled.' Second, the ALJ must find that the claimant has a severe impairment or impairments. A severe impairment is defined in the negative; 20 C.F.R. Sec. 416.921 states that a nonsevere impairment is one that 'does not significantly limit [the claimant's] physical or mental abilities to do basic work activities.' If the claimant does not have a severe impairment, she is found 'not disabled.' If a severe impairment is found, then the ALJ compares the claimant's impairment against those listed in Appendix 1, 20 C.F.R. Subpart P, to see if, on the medical evidence alone, the claimant can be found to be disabled. If the claimant does not qualify as disabled solely on the basis of the listings, then residual functional capacity is determined, that is, the level of work the claimant is able to perform (sedentary, light or medium). If the claimant is found unable to return to past work, then her age, education and work experience are considered along with her residual functional capacity to determine whether there is other work in the national economy which she can perform."
 
 
 6
 Id. at 88-9. In the present case the ALJ determined that Seymour was not disabled because his impairments were not severe. Therefore, as in Farris, this Court is only concerned with the legal validity of that second stage determination. One of the purposes of the second step of the analysis is to enable the Secretary to weed out "groundless claims." Farris, 773 F.2d at 89.
 
 
 7
 The standard of review in this court for reviewing social security cases is limited to a determination whether, upon the record as a whole, there is substantial evidence to support the Secretary's decision. 42 U.S.C. Secs. 405(g), 1383(c)(3). Allen v. Califano, 613 F.2d 139 (6th Cir.1980). Substantial evidence "is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Because in this case the ALJ did not proceed beyond the second stage in his evaluation of Seymour's claim, we must determine whether substantial evidence supports his determination that Seymour's impairments were not severe.
 
 
 8
 An impairment is not severe unless it limits the claimant's ability to do basic work activities. Examples of basic work activities include:
 
 
 9
 (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
 
 
 10
 (2) Capacities for seeing, hearing, and speaking;
 
 
 11
 (3) Understanding, carrying out, and remembering simple instructions;
 
 
 12
 (4) Use of judgment;
 
 
 13
 (5) Responding appropriately to supervision, co-workers and usual work situations; and
 
 
 14
 (6) Dealing with changes in a routine work setting.
 
 
 15
 20 C.F.R. Secs. 404.1521, 416.921. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir.1984). Construing these regulations in Brady v. Heckler, 724 F.2d 914 (11th Cir.1984), the Eleventh Circuit stated:
 
 
 16
 "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."
 
 
 17
 Id. at 920.
 
 
 18
 The evidence in this case reveals that although Seymour suffers from diabetes associated with chronic diarrhea and occasional bouts of hypoglycemia, appropriate medication, diet, and abstinence from alcohol control his condition. Additionally, two doctors, including one of Seymour's treating physicians, report that he has diabetic neuropathy symptomized by a sensory deficit to pinprick in the lower legs and feet. However, two other doctors, including another treating physician, report that Seymour's diabetes is under control and that he exhibits no neurological problems at all. Significantly, there is no evidence of acidoasis, amputation, severe motor function disorganization, or retinitis prociferans. Finally, there is evidence that Seymour's poor eyesight is attributable to cataracts which have now been surgically removed and presently pose no significant visual difficulty.
 
 
 19
 In addition to the medical evidence, the record includes Seymour's testimony that he stays home most of the time, but drives an automobile, maintains social ties, and "mess[es] around out in the yard."
 
 
 20
 Upon an examination of the whole record, and particularly for the reasons discussed herein, we are satisfied that the ALJ's determination that "the claimant is not disabled by the presence of "severe impairments" and therefore "is not disabled within the meaning of the Social Security Act, as amended," is supported by substantial evidence.
 
 
 21
 The decision of the district court is AFFIRMED.
 
 
 22
 DAVID A. NELSON, Circuit Judge, dissenting.
 
 
 23
 The Administrative Law Judge's determination that Mr. Seymour's impairments were not "severe" was based, according to the ALJ's decision, upon the following:
 
 
 24
 "The claimant may believe he has been unable to work since the alleged disability onset date. However, that fact, unsupported or contradicted by persuasive medical evidence, is insufficient to establish 'disability.' By no mean [sic] is it intended to imply that the claimant is entirely free of physical ailment or discomfort. It is recognized that the claimant may suffer pain and discomfort on occasion which may require conservative treatment and medication. While claimant may experience discomfort, there are no significant signs or circumstances present in this case to indicate that they are of such severity as to preclude him from engaging in any substantial gainful activity. The Administrative Law Judge does not find the claimant's allegations of pain and discomfort to be supported by the preponderance of the objective medical and other evidence of record."
 
 
 25
 Everything the ALJ says here may be true, but the question presented at the "second stage" of the sequential analysis mandated by the regulations--the stage at which the ALJ's analysis stopped in this case--is not whether the claimant is precluded from engaging in any substantial gainful activity. The only issue presented at the second stage is whether the claimant's impairment--here a diabetic condition that has existed since 1957 and that has made the claimant dependent on insulin--is something more than "a slight abnormality" that "has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." Farris, 773 F.2d at 90.
 
 
 26
 This claimant's long-standing diabetes has resulted in neuropathy from the knees to the feet, diabetic retinopathy, and diabetic enteropathy. It may well be true that the claimant is not disabled, and thus is not entitled to the benefits for which he has applied, but I am not persuaded that the medical record contains substantial evidence supporting the conclusion that his diabetes is not a "severe" impairment. I would therefore remand this case to permit the Secretary to move beyond step two in the sequential analysis. The real questions, it seems to me, are whether Mr. Seymour could still perform the "heavy" work he did in the past (step four) and, if not, whether there was other work he could perform (step five.) I am reluctant to speculate on how the Secretary would answer these questions, and I would remand the case to let him address them directly himself.